# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HARPER,<br><br>    Petitioner,<br><br>    v.<br><br>W.J. SULLIVAN, Warden,<br><br>    Respondent. | Case No. 2:19-cv-00944-FMO (AFM)<br><br>**ORDER DISMISSING PETITION WITHOUTH PREJUDICE AND WITH LEAVE TO AMEND** |

On February 7, 2019, Petitioner, a state prisoner, filed a document entitled "Stay and Abeyance Request." Petitioner seeks an order staying "this action" until he exhausts his state remedies. Liberally construing the request as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases.

### DISCUSSION

To begin with, the petition fails to satisfy Rule 2(c) of the Rules Governing Section 2254 Cases, which requires that a petition for a writ of habeas corpus "specify all the grounds for relief which are available to the petitioner" and "state the facts supporting each ground." The petition, however, fails to set forth any grounds for relief.

Furthermore, a state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present both the factual and the federal legal basis for his claims to the highest state court. *O'Sullivan*, 526 U.S. at 845; *see Wood v. Ryan*, 693 F.3d 1104, 1119–1120 (9th Cir. 2012) ("To fairly present a claim in state court, a petitioner must describe the operative facts supporting that claim."). It is clear from the face of the petition, as well as from a review of the official docket of the California Supreme Court, that Petitioner has never filed any petition in the highest state court. *See* http://appellatecases.courtinfo.ca.gov. Because Petitioner has not exhausted his state remedies with respect to any claim, the petition is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Recognizing this failure, Petitioner seeks a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). In limited circumstance, a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claim. *Rhines*, 544 U.S. at 277.[1] Pursuant to *Rhines*, a petitioner may be entitled to a stay while he exhausts his state remedies if: (a) the petitioner shows good cause for his failure to exhaust his claims first in state court; (b) the unexhausted claims are not "plainly meritless"; and (c) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 277-278.

Petitioner has not made the requisite showing. Petitioner provides no explanation for his failure to present his claims to the California Supreme Court prior to filing this federal petition. In addition, because he has not set forth any claims for relief, the Court cannot determine whether his proposed unexhausted claims are plainly meritless. Finally, in the circumstances of this case, it is not evident that a *Rhines* stay is necessary. The AEDPA's statute of limitation begins to run from the

---

[1] The Ninth Circuit has held that *Rhines* also applies to petitions that contain only unexhausted claims. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The California Court of Appeal affirmed Petitioner's conviction on September 18, 2018. Because it does not appear that Petitioner filed a petition for review, his conviction became final forty days later – that is, on October 28, 2018. *See* Cal. Rules Ct. 8.366(b)(1) & 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). Consequently, it appears that Petitioner has to October 28, 2019 within which to file a federal petition.[2]

**ORDER**

For the foregoing reasons, the petition is dismissed with leave to amend. If Petitioner still desires to pursue this action, he is **ORDERED** to file a First Amended Petition on the forms provided by the Clerk within twenty-eight (28) days of the date of this Order. The clerk is directed to send Petitioner a blank Central District § 2254 habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," be filled out completely, and be signed and dated. The First Amended Petition must include the specific legal and factual basis for each of Petitioner's claims for relief, as well as indicate whether each of those claims has been presented to the California Supreme Court. The First Amended Petition may include an attachment that is limited to 25 pages. If Petitioner seeks to file an attachment in excess of this page limitation, he must request permission to do so from the Court in advance.

If Petitioner seeks to raise any unexhausted claim(s) in the First Amended Petition and believes that he can make the requisite showing for a stay of this action, then he may file, concurrently with his First Amended Petition, a separate motion to hold the First Amended Petition in abeyance while he returns to state court to exhaust

---

[2] Nothing in this order should be construed as an opinion as to the timeliness of any future petition.

his state court remedies with respect to his unexhausted claim(s).

**Petitioner is cautioned that failure to timely file a First Amended Petition in compliance with this Order may result in dismissal of this action without prejudice.**

Alternatively, petitioner may file a request voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk shall mail petitioner a copy of the Notice of Dismissal form along with this order.

**It is so ordered.**

DATED: 2/20/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE